**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | § § | **MDL 2804** |
| | § | |
| **THIS DOCUMENT RELATES TO:** | § § | **Case No. 1:17-md-2804** |
| **1:21-OP-45058-DAP** | § § | |

**PLAINTIFF'S MOTION TO REINSTATE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW**, **Warren Strickland**, Plaintiff in the above captioned matter, and file this Motion to Reinstate and would respectfully show this Honorable Court as follows:

## I.
## Underlying Facts

Plaintiff respectfully moves the Court to reinstate this action following its dismissal for failure to timely submit Plaintiff's required Plaintiff Fact Sheet ("PFS"). The failure to timely submit the PFS resulted from an inadvertent internal calendaring and administrative error and was not intentional, undertaken in bad faith, or the result of an attempt to disregard this Court's orders. Upon discovering the error, Plaintiff's counsel promptly took corrective action. Plaintiff therefore respectfully requests that the Court reinstate this action and permit Plaintiff's claims to be determined on their merits.

## I. BACKGROUND

Pursuant to the Court's Order regarding Plaintiff Fact Sheets, Plaintiff was required to complete and submit a PFS by the applicable deadline of August 3, 2026.

Counsel's office received notice of the August 3, 2026, deadline for submission of Plaintiff's Individual Plaintiff Fact Sheet. Through an inadvertent administrative oversight,

however, the staff member responsible for calendaring the deadline failed to enter the August 3, 2026, deadline into counsel's calendaring system. Consequently, the deadline was not on counsel's calendar or brought forward for counsel's attention before it expired. The omission was inadvertent and was not intentional, undertaken in bad faith, or designed to delay these proceedings.

After learning that the Court had dismissed Plaintiff's action with prejudice on September 8, 2026, counsel promptly investigated the matter, identified the calendaring omission, and took corrective action. Plaintiff completed and submitted the required PFS on September 22, 2026, and promptly sought relief from the dismissal.

Plaintiff accordingly requests that the Court excuse the inadvertent failure to timely comply with the PFS deadline and reinstate this action.

## II. ARGUMENT AND AUTHORITIES

### A. Relief Is Appropriate Under Federal Rule of Civil Procedure 60(b)(1).

Federal Rule of Civil Procedure 60(b)(1) authorizes a district court to relieve a party from a final judgment or order based upon "mistake, inadvertence, surprise, or excusable neglect." Whether neglect is "excusable" is an equitable determination that takes account of all relevant circumstances. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Relevant considerations include the danger of prejudice to the opposing party, the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id.*

Application of those considerations supports reinstatement here.

**B. Plaintiff's Failure Was Inadvertent and Was Promptly Corrected.**

The missed deadline resulted from an isolated administrative oversight: the staff member responsible for calendaring the August 3, 2026, deadline failed to enter it into counsel's calendaring system. As a result, the deadline was not generated on counsel's calendar or brought forward for counsel's attention.

The failure was not intentional, was not designed to gain a tactical advantage, and did not result from Plaintiff's abandonment of his claims. Upon learning of the September 8, 2026, dismissal, counsel promptly investigated the omission and corrected the deficiency. Plaintiff submitted the completed PFS on September 22, 2026.

The isolated nature of the omission, the prompt cure, the absence of bad faith, and the lack of material prejudice support relief under Rule 60(b)(1).

**C. Reinstatement Will Not Prejudice Defendants.**

Reinstatement will not materially prejudice Defendants. Plaintiff submitted the completed PFS on September 22, 2026, thereby curing the deficiency that resulted in dismissal. Defendants now have the information they would have received had the PFS been submitted timely.

There has been no loss of evidence, impairment of Defendants' ability to defend the case, or other substantive prejudice resulting from the delay. The deficiency has been cured by Plaintiff's submission of the completed PFS.

The absence of meaningful prejudice weighs in favor of allowing the case to proceed on its merits.

**D. The Delay Was Limited and Will Not Materially Disrupt These Proceedings.**

The period of noncompliance was limited, and Plaintiff acted promptly after discovering the calendaring error. Reinstatement will not require modification of the proceedings or otherwise materially interfere with the administration of this litigation. Plaintiff is prepared to immediately comply with all outstanding PFS requirements and with all future deadlines established by the Court.

**E. Plaintiff and Counsel Acted in Good Faith.**

There is no indication that Plaintiff or his counsel acted in bad faith. Plaintiff did not deliberately disregard the Court's Order, seek an improper advantage, or intentionally delay the proceedings. Rather, the failure resulted from an inadvertent administrative error. Plaintiff has demonstrated his desire to prosecute this action by promptly addressing the deficiency once it was discovered and by completing the required PFS. These circumstances weigh in favor of relief under Rule 60(b)(1).

**F. Reinstatement Will Permit Resolution of Plaintiff's Claims on Their Merits.**

Dismissal with prejudice is a significant consequence for an inadvertent procedural error, particularly where the deficiency has been cured and reinstatement will not materially prejudice Defendants.

Plaintiff respectfully submits that the interests of justice are better served by reinstating the action, accepting Plaintiff's completed PFS, and allowing the parties' substantive claims and defenses to be resolved on their merits.

Plaintiff recognizes the importance of the Court's case-management orders and does not seek to excuse future noncompliance. Rather, Plaintiff respectfully requests relief from this

isolated administrative error so that he is not deprived of the opportunity to pursue his substantive claims because of counsel's calendaring mistake.

## III.
## Conclusion & Prayer

WHEREFORE, for the reasons stated herein and in the interest of justice, Plaintiff respectfully requests and prays that the Court grant his Motion to Reinstate, reinstate this case on the docket, and for all other relief, both legal and equitable, that Plaintiff may show himself justly entitled.

Respectfully submitted,

**BROWN & MUSSLEWHITE, LLP**

*/s/ JEFF MUSSLEWHITE*
Jeff Musslewhite
TBN: 24041555
jeff@lbjmlaw.com
Lori L. Brown
TBN: 00792375
lori@lbjmlaw.com
1177 West Loop S. Suite 1600
Houston, Texas 77027
Telephone No.: 281-810-8780
Facsimile No.: 888-599-4190
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been transmitted to all known counsel of record on this the 23rd day of September 2026, by the following method:

/s/ *Jeff Musslewhite*
Jeff Musslewhite